IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Charles Brandon Baker,** : | |
| : | **Civil Action Number:** |
| **Plaintiff,** : | |
| : | |
| **vs.** : | **Jury Trial Demanded** |
| : | |
| **Baldwin Paving Company, Inc.,** : | |
| : | |
| **Defendant.** : | |

## COMPLAINT

Plaintiff Charles Brandon Baker ("Mr. Baker"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Baldwin Paving Company, Inc., ("Baldwin Paving") and shows the Court as follows:

## INTRODUCTION

1.

Mr. Baker brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, ("the FLSA") to recover due but unpaid overtime compensation; an additional like amount as liquidated damages, and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Baldwin Paving is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Baker resides in Pike County, Georgia.

5.

Baldwin Paving employed Mr. Baker as a Road Foreman in and around Marietta, Georgia from January 19, 2010 through the present date.

6.

At all times material hereto, Mr. Baker has been an "employee" of Baldwin Paving as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

7.

From on or about October 2011 through October 2014, ("the Relevant Time Period") Mr. Baker has been "engaged in commerce" as an employee of Baldwin Paving as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

During the Relevant Time Period, Mr. Baker has been "engaged in commerce" as an employee of Baldwin Paving as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) because he was involved in paving and construction of roads used in interstate commerce.

9.

Baldwin Paving is a corporation organized under the laws of the State of Georgia.

10.

During the Relevant Time Period, Baldwin Paving has been an "employer" of Mr. Baker as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

During the Relevant Time Period, two or more employees of Baldwin Paving, including Mr. Baker, used or handled the following items that moved in interstate commerce that were necessary for performing the commercial purpose of Baldwin Paving: heavy equipment, vehicles, gasoline, automobile oil, cellular phones, and computers.

12.

During the Relevant Time Period, Baldwin Paving was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2011, Baldwin Paving had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Baldwin Paving had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Baldwin Paving had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Baldwin Paving had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Baldwin Paving had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Baldwin Paving had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Baldwin Paving had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Baldwin Paving had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2011, Baldwin Paving had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, Baldwin Paving had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, Baldwin Paving had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Baldwin Paving had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Baldwin Paving has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

Baldwin Paving is subject to the personal jurisdiction of this Court.

27.

Baldwin Paving may be served with process through its registered agent Ernest L. Baldwin, 1014 Kenmill Drive, Marietta, Georgia 30060.

28.

As an employee of Baldwin Paving, Mr. Baker was not exempt from the maximum hour requirements of the FLSA by reason of any statutory or regulatory exemption.

29.

Baldwin Paving did not employ Mr. Baker in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

30.

Baldwin Paving did not employ Mr. Baker in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

Baldwin Paving did not employ Mr. Baker in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

32.

Baldwin Paving did not employ Mr. Baker in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

33.

Mr. Baker did not have the primary duty of managing the Company or a customarily recognized department of subdivision thereof within the meaning of 29 CFR 541.100(a).

34.

During the majority of Mr. Baker's work time, he operated equipment and worked alongside the Company's laborers to lay asphalt on public roads on behalf of the Company.

35.

Mr. Baker did not interview potential new employees for the Company.

36.

Mr. Baker did not make recommendations regarding candidates for employment with the Company that the Company afforded any particular weight.

37.

Mr. Baker did not have the authority to hire employees for the Company.

38.

Mr. Baker did not train employees for the Company.

39.

Mr. Baker did not set or adjust the pay rates of employees for the Company.

40.

Mr. Baker did not set or adjust the work hours of employees for the Company.

41.

Employees' scheduled working hours were set by the Contract.

42.

Mr. Baker entered working hours as recorded by each employee into Defendant's payroll system each week.

43.

Mr. Baker did not maintain the production or sales records for use in supervision or control of employees for the Company.

44.

Mr. Baker did not handle complaints and grievances of employees for the Company.

45.

Mr. Baker did not determine discipline employees for the Company.

46.

Mr. Baker did not plan work for the Company.

47.

Mr. Baker did not determine the types of materials, supplies, equipment or tools to be used for the Company.

48.

Mr. Baker entered the quantities of materials utilized into Defendant's tracking system for upper management to track.

49.

Mr. Baker did not provide for the safety and security of the employees of the Company.

50.

Mr. Baker distributed weekly safety information to each employee as directed by Defendant's Safety Director.

51.

Mr. Baker did not plan or control any budget for the Company.

52.

Mr. Baker did not monitor or implement legal compliance measures for the Company.

53.

At all times material hereto, Mr. Baker did not have the authority to fire employees for the Company.

54.

During his employment with Defendant, Mr. Baker regularly worked in excess of forty (40) hours each week.

55.

Defendant failed to pay Mr. Baker at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week during the Relevant Time Period.

56.

Defendant willfully failed to pay Mr. Baker at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week during the Relevant Time Period.

**LEGAL ALLEGATIONS**

57.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

58.

At all times material hereto, Mr. Baker has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

59.

Defendant's failure to pay Mr. Baker at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week during the Relevant Time Period constitutes a violation of the maximum hours provisions of the FLSA.

60.

Defendant's willful failure to pay Mr. Baker at one and one half times his regular rate for work he performed in excess of forty (40) hours in any week during the Relevant Time Period mandates the application of a three-year statute of limitations.

61.

Mr. Baker is entitled to payment of overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, Mr. Baker is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Mr. Baker is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Baker respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | ***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*** |
|  | */S/CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 |  |
| (404) 979-3150 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com |  |
|  | **COUNSEL FOR PLAINTIFF** |